UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. CR25-171 RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) DETENTION ORDER |
| ISMAEL WEDDINGTON | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>Offenses charged</u>:

1. Possession of a Controlled Substance with Intent to Distribute

2. Carrying a Firearm During and in Relation to a Drug Trafficking Offense

<u>Date of Detention Hearing</u>:   November 26, 2025.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. §3142(f) and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

DETENTION ORDER
PAGE -1

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant has been charged with a drug offense, the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e). He is charged with a mandatory minimum term of imprisonment of five years, which provides and incentive to flee. He has a significant and violent criminal history, involving shooting an individual and then fleeing to the East Coast. He has a prior conviction for firearm possession, and it is alleged in this offense that he had an unregistered "ghost gun" in his possession with an extended magazine and a bullet in the chamber. He is unemployed, despite the support of significant community resources from Community Passageways. Defendant poses a risk of flight and a danger to the community because of his previous flight, his serious and violent criminal history, and the nature of the charges.

3. There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

1. Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;
3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the

defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Probation Services Officer.

DATED this 26th Day of November, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

DETENTION ORDER
PAGE -3